CAROLINA FABELO, ETC., Plaintiff and Appellee, *v.* ANDRÉS. QUINTANA REYES ET AL., Defendants and Appellants.

No. 7029. Argued May 26, 1937.—Decided April 21, 1938.

*R. Padró Parés* for appellants. *Pedro G. Quiñones* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On December 23, 1931, Carolina Fabelo, as tutrix of Juana Martín Fabelo, filed a suit for damages against Andrés Quintana Reyes and Enrique Rincón, as sureties under a bond which will be subsequently described, and against Martín Borges and the same Andrés Quintana Reyes as sole partners of the firm Quintana & Borges, and against each of the three of them in their individual capacity.

In the first cause of action, the complaint sets up, and it was proved at the trial, that sometime in March 1926, Quintana & Borges, as an entity, brought an action, Civil No. 1182 of the District Court of San Juan, against Juana Martín Fabelo and Rafael Porras to recover possession of a truck which the partnership alleged had been purchased from the defendants themselves. It was also alleged and proved that the plaintiff in case No. 1182 took possession of the truck, after putting up a bond for twice its assessed value as

required by section 170 *et seq.,* of the Code of Civil Procedure, which bond was signed by Andrés Quintana Reyes and Enrique Rincón, as sureties. Another averment which was proved was to the effect that judgment was rendered against the plaintiff in case No. 1182, *supra,* and both plaintiff and sureties were ordered to return the truck to the defendant therein, Juana Martín Fabelo, who had proved her sole title to the vehicle; and that the truck was never returned. The truck was assessed at $1,000.

The second cause of action set forth the loss of the services of the truck by virtue of the action already referred to, and assessed them at $2,000.

By the third and last cause of action the plaintiff sought to recover her costs and attorney's fees in Civil Case No. 1182, *supra,* in the amount of $515.

It appears from the opinion of the lower court that only Andrés Quintana Reyes was actually served with process and that the action was prosecuted exclusively against him. He presented demurrers on lack of a cause of action stated as to the first two causes of action, and on prescription under sections 1868 and 1869, as to the last two causes of action, which demurrers were overruled. His answer consisted of a general and specific denial of all allegations, and a special defense wherein he alleged that the truck has always been in possession of a judicial depositary *(depositario),* to the plaintiff's knowledge, and that she could have obtained its possession by putting up the bond provided for under section 175 of the Code of Civil Procedure.

At the close of the plaintiff's evidence defendant introduced a motion for nonsuit and thereafter rested on the alleged insufficiency of plaintiff's evidence and submitted the entire case on its merits.

The lower court rendered judgment for the plaintiff in the sum of $1,300, $800 as the value of the truck and $500 for loss of profits in the use of the truck.

On appeal defendant assigns two errors, which read thus:

"*First Error:* The lower court erred in overruling the demurrer for lack of a cause of action stated.

"*Second Error:* The court erred in overruling the motion for nonsuit, presented by the defendant."

■ In his discussion of the first error appellant considers the first two causes of action of the complaint to be comprised within the action known in American law *(derecho americano)* as "Trover in Conversion." Much as we have investigated, the above title has eluded our search. Conversion under the common law was an element, and still is, of the action of Trover. The appellant relies almost entirely on the above premise, and after excluding the so-called action of "Trover in Conversion," from the actions cognizable by our insular courts, concludes that the demurrer should have prevailed.

As both the lower court and the appellee have pointed out, the argument of the appellant stands on a false foundation. The action in this case is not based on "Trover in Conversion," as defendant chooses to call it, but on a contractual obligation arising under the bond subscribed by Quintana in case No. 1182 of the District Court of San Juan, and under which bond the truck was taken from Juana Martín Fabelo's possession and placed in that of Quintana & Borges. (See sections 173 and 175 of the Code of Civil Procedure.) This sufficiently disposes of the first error.

■■ The second assignment of error attacks the overruling of the motion for nonsuit. It is well to point out at this juncture that the practice of copying the statement of the case into the appellant's brief, as was done in this case, and as sole argument to support an assignment of error, is not commendable. The appellant should at least designate and discuss precise instances of the insufficiency of the evidence. For this reason alone, and considering the presumption in favor of the correctness of the judgment, we might well overrule the second error We have, however,

studied the statement of the case, which we have found obscure and poorly expressed, and as a result of such examination have concluded that the motion for nonsuit was correctly overruled.

Under the above circumstances, and in the absence of any evidence on the part of the defendant, there is no alternative but to affirm the judgment appealed from.